### REILLY v. TROY BRICK CO.

(Supreme Court, Appellate Division, Third Department. March 19, 1908.)

APPEAL—REVIEW—SUBSEQUENT APPEALS—EFFECT OF FORMER DECISION.

Where the decision of the Supreme Court is reversed by the Court of Appeals on grounds stated, and on appeal to the Supreme Court from a new trial it appears that evidence was introduced tending to overcome the reasons for the decision of the Court of Appeals, such decision is not binding on the Supreme Court in considering the appeal from the new trial.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 4361.]

Chester, J., dissenting.

Appeal from Trial Term, Rensselaer County.

Action by Celia Reilly, as administratrix of David Reilly, against the Troy Brick Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Thomas S. Fagan and Lewis E. Griffith, for appellant.
George B. Wellington, for respondent.

PER CURIAM. A former judgment herein dismissing the complaint was sustained by this court (108 App. Div. 108, 94 N. Y. Supp. 576, 95 N. Y. Supp. 1156), and reversed by the Court of Appeals (184 N. Y. 399, 77 N. E. 385). In the year 1903 the first slide occurred in the brickyard in question. Most of the clay brought down by that slide had been gradually removed for consumption by defendant in its process of brickmaking. It was this work of removal in which Reilly was engaged at the time he was killed by the second slide, which occurred in 1904. The Court of Appeals, while stating that the evidence of defendant's negligence was very meager, held that the deposit of clay formed by the slide of 1903 constituted a lateral support at the base of the bank, and that the jury might have found negligence on the part of defendant in removing that lateral support, so as to leave the base of the bank unprotected; and that seems to have been the only ground of negligence on which the court based its reversal. It was stated in the opinion:

"The great deposit of clay formed by that slide (of 1903), so long as it remained undisturbed, furnished an ample lateral support for the remaining part of the bank; but, when removed, the former condition of danger was necessarily reinstated."

It now appears in this record that in the year 1906, after the trial which resulted in the dismissal of the complaint, a third slide occurred in this brickyard. It is undisputed that the deposit of earth and clay which came down in the second slide in 1904, when Reilly was killed, was twice as great in volume as that which fell in 1903, and that the entire amount of this second and greater deposit remained at the base of the bank intact and undisturbed until the third slide occurred in 1906. We have, therefore, in the present record, the physical demonstration of the fact that these various slides were due to causes other than the

absence of a lateral support at the base of the bank. This significant feature of the case did not appear in the former record, and as the present record differs from the former on this material and controlling branch of the case, we think the opinion of the Court of Appeals is not now applicable.

The judgment and order must therefore be reversed, and a new trial granted, with costs to the appellant to abide the event.

CHESTER, J., dissents. COCHRANE, J., not voting.